U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 16 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEVIN GROS CONSULTING AND MARINE SERVICES, INC. | : | DOCKET NO. 08 CV 620 |
| VS. | : | JUDGE MINALDI |
| LINDER OIL COMPANY, A PARTNERSHIP | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion to Dissolve Writ of Sequestration, [doc. 14], filed by the defendant Linder Oil Company (hereinafter "Linder Oil"). The plaintiff, Kevin Gros Consulting and Marine Services (hereinafter "Gros Consulting") filed a Response [doc. 20]. Linder Oil filed a Reply [doc. 23]. Gros Consulting filed a supplemental response [doc. 24]. This matter was set for oral argument on September 16, 2008, but at the mutual request of the parties shall now be decided by briefs and the supplemental affidavit of Byron Allemand [doc. 34].[1]

Gros Consulting has voluntarily agreed not to enforce the writ of sequestration, and thus the only issue before this Court is whether the writ of sequestration was wrongfully issued such that Linder Oil is entitled to attorney's fees for the services rendered in connection with the dissolution of the writ.

---

[1] Pursuant to LA. CODE CIV. PROC. ANN. art. 3506, the plaintiff is entitled to an evidentiary hearing to justify the writ. Here, the plaintiff does not oppose dissolution and did not oppose Linder Oil's Motion Requesting that the Court Rule on Motion to Dissolve Writ of Sequestration Without Holding an Evidentiary Hearing.

1

## FACTS

On July 25, 2007, Linder Oil requested that Gros Consulting deliver cement to an oil well located off of Cameron Parish, Louisiana.[2] Gros Consulting loaded the M/V Caroline G with cement and sent it to the well, but the vessel was unable to discharge its cement because of inoperable machinery.[3] Linder Oil then contacted another vessel, the Southern Dancer, to use Linder Oil's machinery to discharge the cement on the well.[4] On July 30, 2007, Gros Consulting sent an invoice to Linder Oil requesting payment of $28,750 for the delivery of cement to the well.[5] Linder Oil refused to pay the invoice.[6] On January 15, 2008, Gros Consulting sent a demand letter to Linder Oil, and on February 2, 2008, Gros Consulting filed an Oil Well Lien Affidavit, Notice of Claim of Lien, and Statement of Privilege with the recorder of mortgages for Cameron Parish, Louisiana.[7] The Statement of Privilege contemplated payment of $41,962.50–$28,750 from the original demand and $13,212.50 for services provided by the M/V Mon-Ami.[8]

On April 9, 2008, Gros Consulting filed suit in the Eastern District of Louisiana and

---

[2] Def.'s Mem. in Support of Mot. to Dissolve Writ of Sequestration [doc. 14], at 2.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

2

attached a Motion for Issuance of an Order for Writ of Sequestration Protection.[9] On April 18, 2008, the Eastern District of Louisiana issued an Order for Writ of Sequestration directing the United States Marshal to sequester the hydrocarbon production and proceeds from the well on West Cameron Block 168.[10] On May 27, 2008, Linder Oil filed this Motion to Dissolve Writ of Sequestration, which attacks the writ's validity.

## ANALYSIS

Linder Oil contends that the writ is invalid and it is thus entitled to attorney's fees.[11] A defendant may be entitled to damages and attorney's fees when a writ of sequestration is dissolved upon a sufficient showing that the writ was obtained illegally or wrongfully:

> The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.

LA. CODE CIV. PROC. ANN. art. 3506 (West 2003). A claim for attorney's fees is only proper when such fees were incurred exclusively for quashing the writ. *Hebert v. Hurwitz Mintz Furniture Co.*, 21 So. 2d 638, 640 (La. 1945). A defendant may receive attorney's fees even when the writ is voluntarily dismissed by the plaintiff. *Duhon v. Buckley*, 161 So.2d 301, 306 (La. App. 3d Cir. 1964).

The attorney's fees requested are solely related to Linder Oil's Motion to Dissolve Writ

---

[9] Compl. [doc. 1].

[10] Order (April 14, 2008) [doc. 3].

[11] In Reply, Linder Oil maintains that it is owed attorney's fees incurred while dissolving the writ, and attaches a detailed log of its attorney's time. Def.'s Reply [doc. 23].

3

of Sequestration. Further, the attorney's fees appear reasonable because their reporting is in compliance with Local Rule 54.2, UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE EASTERN, MIDDLE, AND WESTERN DISTRICTS OF LOUISIANA.[12] Therefore, Linder Oil may receive its requested attorney's fees if the writ was wrongfully obtained.

Linder presents two arguments for the writ's invalidity. First, Linder argues that the writ included $13,212.50 in services that were not provided to the well. Second, Linder argues that the Louisiana Oil Well Lien Act does not permit sequestration of hydrocarbons owned by a lessor, sublessor, overriding royalty owner, or other person who is not a lessee. Gros Consulting challenges Linder Oil's ability to recover attorney's fees.

### A.) M/V Mon-Ami's Services

First, Linder Oil states that the writ contemplates services that were not actually provided to the well. In support of its argument, Linder Oil submits evidence, including the MV/Mon Ami's log, that the Statement of Privilege contemplates $13,212.50 in services that were unrelated to the incident in question. Linder Oil also submits the affidavit of Byron Allemand, the Vice-President of Gros Consulting. Mr. Allemand states that, although he reasonably believed the MV/Mon Ami provided services in the amount of $13,212.50 to a well in the West Cameron 168 block, upon further inspection, the MV/Mon Ami actually provided services to "inland wells operated by Linder Oil and not the wells in West Cameron Parish as reflected by the invoice."[13] Mr. Allemand's affidavit establishes that the MV/Mon Ami's services were not

---

[12] Def.'s Ex. B, Reply to Plaintiff's Mem. in Response to Mot. to Dissolve Writ of Sequestration (June 20, 2008).

[13] Def.'s Ex. A [doc. 33]. Linder has not paid this amount. *Id.*

4

provided to the subject well. It appears that Linder does not contest that the remaining $28,750 of services were provided to subject well. Gros Consulting maintains that any procedural deficiency in the writ was "hyper-technical" and because it is not enforcing the writ, attorney's fees are not warranted.

In *Rocket Indus., Inc. v. Southern Tire & Supply, Inc.*, the Fifth Circuit considered whether a writ of sequestration was properly issued under Louisiana law. 706 F.2d 561, 563-64 (5th Cir. 1983) (observing that damages are warranted only when the writ was wrongfully obtained). The Fifth Circuit noted that a "writ issues legally if the petitioner alleges adequate and valid grounds to support it, even if these are later disproved." *Id.* at 563 (finding the writ at issue was not wrongfully obtained). Moreover, where Louisiana courts have found that the writ of sequestration issued wrongfully, it was because the plaintiffs did not allege a necessary ground when applying for the writ. *Id.* (noting that, for example, a writ issued wrongfully where the plaintiff did not claim ownership or a lien interest in the property, or where the plaintiff did not present a claim to the succession representative prior to filing to sequester succession property).

Here, Gros Consulting alleged adequate and valid grounds. As the Fifth Circuit stated in *Rocket*, a "writ issues legally if the petitioner alleges adequate and valid grounds to support it, even if these are later disproved." The fact that Linder later proved that the MV/Mon Ami did not provide services to the subject well does not invalidate the writ.

B.) Sequestration of All Hydrocarbons

Furthermore, Linder Oil argues that the writ is facially illegal pursuant to the Louisiana

Oil Well Lien Act, La. Rev. Stat. Ann. § 9:4861,[14] because the writ sequesters all hydrocarbons from the well, even those owned by non-lessees to the operating interest.[15] Section 9:4863(C) states that the privilege does not affect "[t]hat part of hydrocarbons produced from an operating interest that is owned by a lessor, sublessor, overriding royalty owner, or other person who is not a lessee of the operating interest," nor does it affect "[t]he obligations or proceeds arising from the disposition of such hydrocarbons that are owned by or payable to such persons."

Gros Consulting argues that Linder Oil's argument that the Lien Act makes it unlawful to seize all hydrocarbons is not resolved. Moreover, Gros Consulting argues that this nuance is irrelevant because Linder Oil lacks standing to raise arguments beyond its own interest in the well. Gros Consulting notes that the Lien Act applies to "the operating interest under which the operations giving rise to the claimant's privilege are conducted"[16] and thus applies to Linder Oil as the well's operator.

La. Rev. Stat. Ann. § 9:4863(A) grants a privilege over "the operating interest under which the operations giving rise to the claimant's privilege are conducted." Linder is the operator of the well giving rise to Gros Consulting's privilege. Thus, Gros Consulting has a privilege over Linder Oil, and the writ was not issued wrongfully; accordingly,

---

[14] The Oil Well Lien Act allows a privilege to all oil and gas produced from that well to anyone who performs a service to an oil well. *See Supreme Contractors, Inc. v. Halliburton Logging Services, Inc.*, 668 So. 2d 1363, 1365 (La. Ct. App. 1st Cir. 1996). The Legislature intended for this Act to apply broadly, with few artificial barriers. *See Halliburton*, 668 So. 2d at 1366-67.

[15] Linder also notes that the writ sequesters production and proceeds from the sale of production from the well, even though it has no ownership in either of these items.

[16] La. Rev. Stat. Ann. § 9:4863(A).

IT IS ORDERED that the defendant's Motion to Dissolve Writ of Sequestration, [doc. 14], is hereby GRANTED in part and DENIED in part. The Motion is GRANTED insofar as the writ of sequestration is dissolved. The Motion is DENIED insofar as this Court declines to award Linder Oil attorney's fees.

Lake Charles, Louisiana, this 16 day of Oct, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE